**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 21 2026
TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
CENTRAL **DIVISION**

**CASE NO.** 4:26-cv-00797-DPM

**Jury Trial:** ☐ **Yes** ☐ **No**
**(Check One)**

I. Parties

In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff: Brian Hicks
ADC # ______________

Address: 2300 East ST Texarkana, AR 71854

Represented By: ~~Name of plaintiff:~~ Jacob Ian Wickliffe
~~ADC #~~ Court Appointed Attorney
By U.S. District Court Eastern District
Address: 313 West Second Street Little Rock, AR 72201-2481

Name of plaintiff: ______________
ADC # ______________

Address: ______________

In item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: City of Texarkana, AR Police Dept.

Position: Law Enforcement Agency

Place of employment: Texarkana, AR Police Dept.

Address: 100 N. Stateline Ave. Texarkana, Tx 75501

Name of defendant: Samual McJunkins

Position: T.A.P.D Detective

Place of employment: Texarkana, AR Police Dept.

Address: 100 N. Stateline Ave. Texarkana, Tx 75501 Box 15

Name of defendant: Joshua Pendergrass

Position: ~~Pole~~ Texarkana, AR Police Officer

Place of employment: Texarkana, AR Police Dept.

Address: 100 N. Stateline Ave. Texarkana, Tx 75501

Name of defendant: Jeremy Taylor

Position: Texarkana, AR Police Officer

Place of employment: Texarkana, AR Police Dept.

Address: 100 N. Stateline Ave. Texarkana, Tx 75501

II. Are you suing the defendants in:

- ☐ official capacity only
- ☐ personal capacity only
- ☒ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___ No ✓

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit:

Plaintiffs: ______________________________

______________________________

Defendants: ______________________________

______________________________

Name of Defendant: Miller County Detention Center
Position:
Place of Employment:
Address: 2300 East 1st Texarkana, AR 71854

Name of Defendant: Connie Mitchell
Position: Prosecuting Attorney
Place of Employment: State of Arkansas, 8th Judicial Distr.
Address: 400 Laurel St Texarkana, AR 71854

Name of Defendant: Don Beck
Position: Deputy Prosecuting Attorney
Place of Employment: State of Arkansas, 8th Judicial Distr.
Address: 400 Laurel St Texarkana, AR 71854

Name of Defendant: Sarah Huckabee Sanders
Position: Governer
Place of Employment: Governor's Mansion
Address: 1302 Pike Ave. Little Rock, AR 72114

Name of Defendant: Office of the Secretary
Position:
Place of Employment:
Address: 1302 Pike Ave. Little Rock, AR 72114

☐ Court (if federal court, name the district; if state court, name the county):

______________________________

☐ Docket Number: ______________________________

☐ Name of judge to whom case was assigned: ______________________

☐ Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) ______________________________

☐ Approximate date of filing lawsuit: ______________________________

☐ Approximate date of disposition: ______________________________

IV. Place of present confinement: Miller County, AR Detention Center
2300 East 5th Texarkana, AR 71854

V. At the time of the alleged incident(s), were you:
(check appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges

_____ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: ______________________________

______________________________

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A. Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes ✓ No ____

B. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

Yes ✓ No ____

If not, why? ____________________

VII. Statement of claim

State here (as briefly as possible) the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Plaintiff Brian Hicks, Pro se, Filed this *1983 Conspiracy to deprive against civil rights, State law False imprisonment, and *1988 malicious prosecution claim against the City of Texarkana, AR Police Dept., Samuel McJunkins, Joshua Pendergrass, Jeremy Taylor, Don Beck, Connie Mitchell, Miller County Detention Center, and Sarah Huckabee Sanders who acted, under color of State law, with deliberate falsehood or reckless ~~disregard~~ ~~regard~~ disregard for the truth conspired early morning Jan. 27, 2026 by a Law Enforcement Agency not having jurisdiction See Sex Offender Acknowledgement Form not naming Texarkana, AR Police Dept. as the Law Enforcement Agency to obtain warrant, arrest,

detain, take photograph, finger prints, D.N.A., mental examination, prosecute, try, convict plaintiff for Failure to Comply with Sex Offender Registration on Jan 7, 2026 See A.C.A.** 12-12-904 and 12-12-906(g)(3) without probable cause See A.C.A.* 12-12-912 or no entry warrant to kick in the door and arrest Plaintiff See Mann v. State, 161 S.W. 3d 826, 357 Ark. 159 (Ark. 2004) after State Attorney General's Tim Griffin, Leslie Rutledge, Zaisha Heardmon, and 4 high ranking Correctional Officers admitted turning State's Evidence against Judge Joe Griffin and A.D.C. Director Dexter Payne that ~~the 2007~~ Plaintiff's 2007 Judgment of Conviction for Rape is void ab initio and that they acted in the complete absence of all jurisdiction of the person and subject matter to hear plea, try, convict, sentence, False imprison on the 2007 Rape conviction and have removed from one district to another without evidence he was there charged with crime and where the United State Supreme Court declared Arkansas Rape charge A.C.A.* 5-14-103 void where the two crimes do not come within the scope of one another See Clayborn v. State, 278 Ark. 533, 647 S.W.2d 433 (Ark. 1983) in violation of his Fourth and Fourteenth Amendment Right to Equal Protection from unlawful arrest and detention where Plaintiff was required to report to the Little Rock Police Dept. to verify his address not Texarkana, AR Police Dept. See Sex Offender ~~Acknowl~~ Acknowledgement

Form dated Dec. 10, 2025 and where the Social Security Number on the Bookin Sheet is not his that is fatal to him resulting in a fatal misnomer having him buried alive in the county jail without a trace See Miller County Sheriff's Arrest-Booking detail page and where he was not out of compliance See A.C.A.* 12-12-906(g)(2)(A)(B)(i)(ii) where he could have reported to the Law Enforcement Agency having jurisdiction at the next scheduled date Feb. 7, 2026 where it was not determined appropriately a time and date before the day passed See Sex Offender Acknowledgement Form dated Dec. 10, 2025 telling Plaintiff to report in person at the Little Rock Police Dept. on Jan. 07, 2026 and such acts of Conspiracy to deprive against civil rights See 18 U.S.C.* 241 by a Law Enforcement Agency lacking jurisdiction See A.C.A.** 12-12-904 and 12-12-906(g)(3) and probable cause See A.C.A.* 12-12-912 where he was not out of compliance See A.C.A.* 12-12-906(g)(2)(A)(B)(i)(ii) ~~were with malice or, in the alternative, were~~ were done with malice or, in the alternative, were willful, wanton, and done with a conscious disregard for civil rights and amounted to more than mere negligence that is fatal to him resulting in a fatal misnomer. Plaintiff seeks $2,500,000 in damages for mental anguish, emotional distress, and duress and but not limited to his right to be free from unlawful arrest and detention and his right to keep and

bear Arms or other relief under any Act of Congress providing for the protection of civil rights where Plaintiff Brian Hicks was without notice, actual or constructive, of the Plea and Sentencing Hearing to pronounce judgment against him using a Plea against him titled 'State of Arkansas vs. Brain Hicks' in the 2007 Judgment of Conviction for Rape not charging him in the Plea that was Fatal, prejudicial and bias, to him resulting from a Fatal misnomer See A.C.A.* 16-65-108 where all proceedings had under judgments, orders, sentence, and decree are absolutely null and void in violation of his Fourth and Fourteenth Amendment Right to due process of the United States Constitution See Ark. Const. Art. 2 sec. 8, 15, amend. 80 sec. 6; A.C.A.* 16-65-108; A.C.A.* 12-12-912 Waller v. State, 2020 Ark. 381, No. CV-20-148 (Ark. Nov. 19, 2020) where no proof of a meritorious defense is necessary to set aside the judgment where it is plausible on it face and subject's them to *1983 liability where it cannot be barred by ~~res judica~~ res judicata where the first suit was based on improper jurisdiction See Miller Cnty v. Opportunities, 347, 995 S.W. 2d 388 (1999) See State's Evidence, Court Records, & ~~Tes~~ Testimonial Evidence, & Booking-Arrest Sheet Attachment (Plea, Judgment, Complaint, & Answers Doc. 2 at 21-23 Id 4, 5, 6 in cross examination to Answers Doc. 34, 111 at 2 Id 5, 6, 7) pursuant to U.S.C.A Const. Art. 111, amends

1,2,4,5,8,14; Ark. Const. Art. 2 sec. 8, 15; F.R. Civ. P. Rule 3, 4, 8, 12(c),(h)(2),(3),(i), 46, 60(b),(b)(4),(b)(6), 65, 28 U.S.C.A.; 18 U.S.C.* 241; 28 U.S.C.*** 636, 1331, 1332; A.C.A.* 21-9-301; A.C.A.* 12-12-912; A.C.A.* 12-12-904; A.C.A.* 12-12-906(g)(2)(A)(B)(i)(ii),(3); A.C.A.* 16-65-108; 42 U.S.C.A.** 1983, 1988 citing Holmes v. Slay, 895 F.3d 993 (8th Cir. 2018); Bagby v. Brondhavor, 98 F.3d 1096, 1098 (8th Cir. 1996); Odom v. Kaizer, 864 F.3d 920 (8th Cir. 2017); Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)

Respectfully submitted,
Brian J Hicks, Pro se
Miller Cnty Detention Center
2300 East St
Texarkana, AR 71854

Court Appointed Attorney
By U.S. District Court Eastern Dist.
Represented by: Jacob Ian Wickliffe
Dodds, Kidd, & Ryan
313 West Second Street
Little Rock, AR 72201-2481
LEAD Attorney
Attorney To BE NOTICED
Re: Hicks v. Griffin, 4:22-cv-00634-KGB-PSH

## Sex Offender Acknowledgement Form

15. Pursuant to § 12-12-925 anyone required to register as a sex offender cannot provide goods and services under the Arkansas Medicaid Program.
16. Pursuant to Act 987 of the 92nd general assembly a registered sex offender who has been assessed as a level 2, 3 or 4 may not hold a position of public trust in a public agency that provides public safety including but not limited to a fire department, law enforcement agency or emergency medical service agency.
17. Pursuant to Act 621 of the 92nd general assembly a registered sex offender who has been assessed as a level 3 or 4 is prohibited from recording (as defined by the act) a person under fourteen (14) years of age.
18. Pursuant to Act 463 of the 92nd general assembly a registered sex offender who has been assessed as a level 3 or level 4 is prohibited from participating in certain Halloween related activities (as defined in the act) that occurs any time during the two (2) weeks before or after October 31 of each year.
19. Pursuant to Act 499 of the 93rd general assembly if a person is found guilty of a sexual offense under § 5-14-101 et seq. or incest involving a minor the person is prohibited as a condition of their probation from residing in a residence with any minor unless the court makes specific finding otherwise.

**I hereby acknowledge that I have been advised of my duty to register as a sex offender required by Arkansas ACA 12-12-907. I have also been advised that failure to verify my address or failure to report any change of address, school or employment status as required by ACA 12-12-904 constitutes a Class C Felony and may result in subsequent arrest and/or prosecution.**

**I acknowledge I have read and/or understand that I must verify my residence by, or not later than, five (5) days after the date stated below by appearing in person to the jurisdictional law enforcement where I reside as required Arkansas statute. I understand that not doing so could result in arrest and prosecution. I acknowledged that I have received a copy of this document upon signing and understand the date of next verification.**

I acknowledge that I am to return on Jan 7, 2026 and appear **in person** at the following police agency **LITTLE ROCK POLICE DEPT** to verify my address.

[signature] Dec 10, 2025

Offender Signature Date Signed

Hicks, Brian

Print Offender name clearly

[signature]

Witness signature (law enforcement only)

AR0460100 - TEXARKANA POLICE DEPARTMENT

Signing Agency Name

**OFFENDER MUST BE PROVIDED A COPY OF THIS SIGNED FORM**

# MILLER COUNTY SHERIFF'S OFFICE

# Arrest-Booking
## Detail Page

2300 EAST STREET
TEXARKANA, ARKANSAS 71854

| Booking # | Booking Officer | Print Date |
|---|---|---|
| 26-000318 | 20172 | 01/29/2026 |



| Date | Day | Time | CCN# | Other # |
|---|---|---|---|---|
| 01/27/2026 | Tuesday | 11:50 | DC26-000318 | |

### SUBJECT INFORMATION

| | | |
|---|---|---|
| Name: HICKS, BRIAN JAMES | DOB: 01/16/1977 | Age: 49 |
| Address: 4204 Main St / TEXARKANA TX 75501 | Apt: | Phone: 870 216-0003 |
| DL #: 923856816 AR | | |

| SSN | Local # | State # | FBI # |
|---|---|---|---|
| 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 | AR3117224 | TX06075491 | 962431RB7 |

| Sex | Race | Height | Weight | Hair | Eyes | Place of Birth | Marital Status |
|---|---|---|---|---|---|---|---|
| M | W | 5-11 | 144 | BRO | GRN | PIRTHAMBOY | |

Scars, Marks, Tattoos: NONE

DNA Collected: Yes ☐ No ☒

### OCCUPATION / EMPLOYER INFORMATION

Occupation:
Employer:
Address: TEXARKANA AR 71854

### EMERGENCY CONTACT INFORMATION

Name: N/A
Address:
Phone: 000 000-0000

### VEHICLE INFORMATION

Veh License: AR
VIN:
Year:
Make:
Comment:
Model:
Style:
Color:
Dispo: Left at scene ☐ Towed & Stored ☐ Impounded ☐ Other ☐
Where:

### ARREST LOCATION / AGENCY & CUSTODY INFORMATION

Arrest Location: 3000 County Apt. A
TEXARKANA AR 71854

| Escape Risk | Suicidal | Violent | Prot Cust | Cell # |
|---|---|---|---|---|
| N | N | N | N | FLOO |

Bkg Date: 01/27/2026 Time: 12:11
Transport Ofcr:
Agency:
Date:
Time:
X Street:

| Beat | Sector | District | Arrest Officer | Agency |
|---|---|---|---|---|
| | | | TAPD | TAPD |

Affidavit: WARRANT WR-08-372 SERVED BY MC14 ROGERS 1/28/26

| Released | Officer | Juv. | Parents Notified | School Notified | Hours Held |
|---|---|---|---|---|---|
| | | N | N | N | 0 |

Reason:
Court Date:
Comment:

| Charge Type | Level | Violation | Count | Warrant | Court | Bail Amount | Dispo |
|---|---|---|---|---|---|---|---|
| Warrant | Misd. | 0 - FTOCO | 1 | WR-08-372 | | $715.78 | |
| Warrant | Felony | 12-12-904 - Failure to Register | | A2602036W1 | | | |

**Total Bail Amount :** $715.78

ELECTRONICALLY FILED
Miller County Circuit Court
Penny Kilcrease, Circuit Clerk
2026-Mar-25 08:54:06
46CR-26-127
C08SD01 : 1 Page

**IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS**

**STATE OF ARKANSAS** **PLAINTIFF**

**V.**

**BRIAN JAMES HICKS** **DEFENDANT**

# CRIMINAL INFORMATION

Comes the Prosecuting Attorney for Miller County, Arkansas, and in the name and by the authority of the State of Arkansas, charges **BRIAN JAMES HICKS** with the crime of **FAIL TO REGISTER AS SEX OFFENDER OR REPORT ADDRESS CHANGE** as follows:

**COUNT 1: FAIL TO REGISTER AS SEX OFFENDER OR REPORT ADDRESS CHANGE ARK. CODE ANN. § 12-12-904(a).**

On or about January 23, 2026, in Miller County, Arkansas, the said defendant did unlawfully and knowingly fail to report a change of address, employment, education, or training as required under the Sex Offender Registration Act of 1997 as set forth in A.C.A. 12-12 901 et. seq. Defendant failed to report a change of address and/or employment.

Thereby committing the offense of Fail To Register As Sex Offender Or Report Address Change, said offense being a Class C FELONY against the peace and dignity of the State of Arkansas.

Punishable by Imprisonment in the Arkansas Department of Correction for a term not less than three (3) years nor more than ten (10) years or a fine not exceeding $10,000 or both such fine and imprisonment.

Connie Mitchell, Prosecuting Attorney

Jon Beck

By: Jon Beck, Deputy Prosecutor

4. • Civil Rights-Key-Judges, Courts, or Officers
• Judgment-Key-Jurisdiction of the Person and Subject-Matter
Plaintiff, Brian Hicks, filed this §1983 claim against Judge Joe Griffin of Miller County, Arkansas Eighth Judicial District-South Division One Courthouse in his individual and official capacity for the irreparable injury of an "No Contest" unconditional guilty plea based on his 2007 Judgment who acted, under color state law, in the clear absence of all jurisdiction lacked jurisdiction of the person and subject-matter, Guilty Plea, to hear guilty plea titled "State of Arkansas vs. Brain Hicks CR-2005-290", try, convict, and sentence him for the three counts of rape A.C.A.§ 5-14-103 to 240 months to the Arkansas Department of Corrections constituted a misnomer not charging plaintiff, Brian Hicks, with the three counts of rape and he seeks jury's award of $1,130,000 in damages and an injunction to set aside the Judgment of Conviction and Order of Commitment (CR-2005-290), secure release from illegal custody, secure equitable or other relief under any Act of Congress providing for the protection of civil rights including the right to vote and the right to keep and bear arms and the right to reside and recreate anywhere of the public domain. U.S.C.A. Const. Art. 3; 18 U.S.C.§§ 242, 3142, 3145, 3626; 28 U.S.C.§§ 1343, 2201, 2202, 2254, 2254 (d)(1)(4), 2283, 2284; Ark. R. Civ. P. Rule 4, 12(h), 60, 65; Fed. R. Civ. P. Rule 4, 12(h)(3), 60, 65, 28 U.S.C.A.; ~~Fed. R. Crim. P. Rule 3, 18 U.S.C.A.~~; A.C.A.§ 16-112-101; A.C.A.§ 16-112-103(a)(1); 42 U.S.C.§§ 1981-83, 1988, ~~1995~~; Pope's Dig.§ 6341 subd. 4 Wright v. Viele, et al, 2013 Ark. App. 471 (2013); Pierson v. Ray, 87 S.Ct. 1213 (1967); Smith v. Finch, et al, 324 F. Supp 3d 1012 (2018); U.S. v. Boe, 127 F. 982 (1904)

5. • Civil Rights-Key-Judges, Courts, or Officers
• Judgment-Key-Jurisdiction of the person and subject-matter
Plaintiff/Petitioner, Brian Hicks, filed this §1983 claim against Federal habeas Judge James Moody of the Eastern District United States District Court Little Rock, Arkansas in his individual and official capacity for the irreparable injury of an "No Contest" unconditional guilty plea based on his 2016, 2017, 2018, and 2020 Judgment Hicks v. Kelley, 5:16-cv-00207-JM-JJV; Hicks v. Kelley, 5:17-cv-00022-JM-JJV; Hicks v. Kelley, 5:18-cv-00062-JM-JJV; Hicks v. Kelley, 5:18-cv-00286-JM-JJV; Hicks v. Payne, 4:20-cv-01466-JM-JJV who acted, under color of Federal law, in the clear absence of all jurisdiction lacked

~~of statutes, in the clear absence of all jurisdiction lacked~~ jurisdiction of the person and subject-matter, Guilty Plea, to hear guilty plea titled 'State of Arkansas vs. Brain Hicks CR-2005-290' and use it against him not charging Plaintiff/Petitioner, Brian Hicks, with the three counts of rape A.C.A.§ 5-14-103 constituted a misnomer and he seeks jury's award of $2,000,000 in damages and an injunction to set aside the Judgment of Conviction and Order of Commitment (CR-2005-290), secure release from illegal custody, secure equitable or other relief under any Act of Congress providing for the protection of civil rights including the right to vote and the right to keep and bear arms and the right to reside and recreate anywhere of the public domain. U.S.C.A. Const. Art. 3; A.C.A.§ 16-112-101; A.C.A.§ 16-112-103(a)(1); Ark. R. Civ. P. Rule 4, 12(h), (i), 60, 65; Fed. R. Civ. P. Rule 4, 12(h), 60, 65, 28 U.S.C.A.; Pope's Dig. § 6341 subd. 4; 18 ~~U.S.C. 242~~, 3142, 3145, 3626; 28 U.S.C. §§§§ 1343, ~~2201~~, 2202, 2254, 2254(d)(4), 2283, 2284; ~~Fed. R. Crim. P. Rule 5, 18 U.S.C.A.~~; 42 U.S.C. §§§§ 1981-83, 1988, ~~1993~~; U.S.C.A. Const. Amend. 5 Wright v. Viele, et al, 2013 Ark. App. 471 (2013); ~~Per~~ Pierson v. Ray, 87 S.Ct. 1213 (1967); Smith v. Finch, et al, 324 F.Supp.3d 1012 (2018)

6. • Civil Rights-Key-Criminal Law Enforcement; Prisons
• False Imprisonment-Key-Illegality of Arrest
State prisoner Eighth Amendment Cruel and Unusual Punishment §1983 False Imprisonment claim against Director, Dexter Payne, of the Arkansas Division of Corrections in his individual and official capacity, alleging that he acted, under color of state law, with deliberate indifference to prisoner's irreparable injury, Guilty Plea, titled 'State of Arkansas vs. Brain Hicks CR-2005-290' constituted a misnomer not charging Plaintiff/~~Petitioner~~ Prisoner, Brian Hicks, with the three counts of rape A.C.A.§ 5-14-103 by holding him in illegal custody for 15 years under false imprisonment and then intentionally punishing for the three counts of rape that he is not charged with and that trial lacked jurisdiction of the person and subject-matter, Guilty Plea, to hear guilty plea, try, convict, and sentence to 240 months that produced a result Judgment that is invalid and void and cannot be enforced and such acts were done with malice or in the alternative, were willful,

wanton, and done with a conscious disregard for his rights and to grant the writ of habeas corpus that any officer could grant to any person who shall apply for the writ by petition showing, by affidavit or other evidence, Guilty Plea, probable cause to believe he is detained without lawful authority. Prisoner seeks jury's award of $1,000,000 in damages for false imprisonment and an injunction to set aside the Judgment of Conviction and Order of Commitment (CR-2005-290), secure release from illegal custody and secure equitable or other relief under any Act of Congress providing for the protection of civil rights including the right to vote and the right to keep and bear arms and the right to reside and recreate anywhere at the public domain. U.S.C.A. Const. Art. 3; A.C.A. *16-112-101; A.C.A. *16-112-103 (a)(1); Ark. R. Civ. P. Rule 4, ~~12, 60, 65; Fed. R. Civ. P. Rule 4, 12~~ 12(h), 60, 65; Fed. R. Civ. P. Rule 4, 12(h), 60, 65, 28 U.S.C.A.; ~~Fed. R. Crim. P. Rule 3, 18 U.S.C.A.~~, 18 U.S.C. **** 2[illegible], 3142, 3145, 3626; 28 U.S.C. ****** 1343, 2201, 2202; 2254, 2254(d)(4), 2283, 2284; 42 U.S.C. ***** 1981-83, 1988, ~~1997~~; U.S.C.A. Const. Amend. 5, 8; [illegible] Pope's Dig. *6341 subd. 4 Smith v. Johnson, 779 F.3d 867 (2015); Smith v. Finch, et al, 324 F. Supp. 3d 1012 (2018); Pierson v. Ray, 87 S.Ct. 1213 (1967); Grant v. City of Syracuse, 357 F. Supp. 3d 180 (2019); U.S. v. Doe, 127 F. 982 (1904)

7. * Civil Rights-Key-Attorney General and Prosecuting Attorney Plaintiff, Brian Hicks, filed this *1983 Malicious Prosecution claim against Prosecuting Attorney Brent Haltom, Connie Mitchell, Stephanie Potter-Barrett, and Arkansas Attorney General Leslie Rutledge in their individual and official capacity for the malicious prosecution of Plaintiff/Petitioner, Brian Hicks, who acted, under color of state law, in the clear absence of all jurisdiction lacked jurisdiction of the person and subject-matter; Guilty Plea, to initiate and pursue a criminal prosecution to prosecute him for three counts of rape A.C.A. *5-14-103 using a Guilty Plea titled 'State of Arkansas vs. Brain Hicks CR-2005-290' not charging him with the three counts of rape constituted a misnomer whose unlawfulness would render judgment void ab initio and cannot be enforced and such acts

Main document Pet: Doc. 2 at 33, 34 with objections - Doc. 23 at 6, 8



IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

STATE OF ARKANSAS § PLAINTIFF

VS. § NO. CR- 05-2001

Brian Hicks § DEFENDANT

FILED FOR RECORD ON 23 DAY OF May 2007 4:30 O'CLOCK P M
MARY PANKEY, CIRCUIT CLERK
Deputy JB

## PLEA AND WAIVER

COMES NOW the Defendant and states:

1. That he/she has received a copy of the charges against him/her herein and, after discussing the same and the consequences of a plea of guilty to such charges with his/her attorney, understands the nature of the charges against him/her and the possible consequences of a conviction thereon.

2. That he/she is not innocent of said charges against him/her, did in fact commit the crimes with which he/she is charged and is guilty thereof beyond every reasonable doubt.

3. That he/she disclosed to his/her attorney the names and addresses of all persons known who could testify in his/her behalf, assisted his/her attorney in preparing his/her defense to the charges herein and related to his/her attorney all matters in mitigation.

4. That no promises, representations or threats have been made to or against him/her by anyone to induce or cause him/her to enter a plea of guilty to the charges herein.

5. That, by entering a plea of guilty herein, he/she waives and gives up (a) his/her right to persist in a plea of not guilty, (b) his/her right to remain silent and not to testify against himself, (c) his/her right to be confronted with witnesses against him/her and to cross-examine such witnesses under oath, (d) his/her right to compel witnesses to testify in his/her behalf, (e) his/her right to a jury trial to determine his/her guilt, (f) his/her right to appeal his/her conviction herein and (g) any and all objections to the proceedings herein against him/her.

6. That he/she acknowledges (a) that he/she is satisfied with the advice given him by his/her attorney (b) that his/her attorney acted diligently and competently in representing him/her herein and (c) that the court is not bound by any recommendation, if any, made by the Prosecuting Attorney or by the Probation Officer and is completely free to fix or assess such punishment as in the court's discretion deems appropriate, subject only to the maximum sentence prescribed by law.

7. That he/she has never been declared mentally incompetent for any reason, is not under the influence of alcohol or drugs and does not need or require psychiatric treatment.

WHEREFORE, Defendant requests that his/her plea of guilty to the charges herein be accepted and that such sentence herein be pronounced or imposed as the court now deems fit, proper and just.

Fine: $ ——
Court Costs: $150.00
DNA Sample Fee: $250.00
Bailiff Fee: $100.00
PDF Attorney Fee/ $ 150 or User Fee$ ——

X Brian Hicks
DEFENDANT

ATTORNEY FOR DEFENSE

PLEA AGREEMENT: 20 yrs ADC (concurrent 319 days all counts)

DATE: 5/23/07 APPROVED BY: Connie Mitchell
BRENT HALTOM, PROSECUTING ATTORNEY

Respondent's Exhibit A

Ground 4



2007 4023
Recorded in the Above
Judgments Book & Page
06-08-2007 02:38:56 PM
Mary Pankey-Circuit Clerk
Miller County, AR: James Hicks

**JUDGMENT AND COMMITMENT ORDER**
**IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS**
**EIGHTH DISTRICT SOUTH, FIRST DIVISION**

On 5-23-07 the Defendant appeared before the Court, was advised of the nature of the charge(s), of constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing. The Court made the following findings:

DEFENDANT'S FULL NAME: Brian James Hicks
DATE OF BIRTH: 1-16-77
RACE: W
SEX: M
SID #:
DEFENDANT'S ATTORNEY: Jason Mitchell
PROSECUTING ATTORNEY OR DEPUTY: Brent Haltom
CHANGE OF VENUE FROM: N/A

Defendant was represented by ____ private counsel ____ appointed counsel
_x_ public defender ____ himself/herself

Defendant made a voluntary, knowing and intelligent waiver of the right to counsel:
____ Yes _x_ No

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Department of Correction (A.D.O.C) for the term specified on each offense shown below:

TOTAL NUMBER OF COUNTS: 3

1 – Offense # 1, 2 & 3 CR-2005-290
2 – A.C.A. # of Offense: 5-14-103 ATN #4323903
3 – Name of Offense: Rape
4 – Seriousness Level of Offense: 9
5 – Criminal History Score: N/A
6 – Presumptive Sentence: N/A
7 – Sentence is a departure from the sentencing grid. __ Yes _x_ No
8 – Offense is a _x_ felony __ misdemeanor.
9 – Classification of offense: __ A __ B __ C __ D __ U _x_ Y
10 – Sentence imposed: 240 months.
11 – Suspended imposition of sentence: -0- months.
12 – Defendant was sentenced as an Habitual Offender under A.C.A. 5-4-501, Subsection __ (a) __ (b) __ (c) __ (d).
13 – Sentence was enhanced by A.C.A. ________________.
14 – Defendant __ attempted __ solicited __ conspired to commit the offense.
15 – Offense date: August 1999
16 – Number of counts: 3
17 – Defendant was on __ probation __ parole at time of conviction.
18 – Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. __ Yes _x_ No.
19 – Victim of the offense was _x_ under __ over the age of 18 years.
20 – Defendant voluntarily, intelligently, and knowingly entered a
_x_ negotiated plea of guilty or nolo contendere.
__ plea directly to the court of guilty or nolo contendere.
21 – Defendant
__ entered a plea as shown above and was sentenced by a jury.
_x_ was found guilty of said charge(s) by the court, and sentenced by _x_ the court __ a jury.
__ was found guilty at a jury trial, and sentenced by __ the court __ a jury.



Respondent's Exhibit C (p. 1 of 2)

Exhibit K-1
Ground 4

Ground 4



2007 4024
Recorded in the Above
Judgments Book & Page
06-08-2007 02:38:56 PM
Mary Pankey-Circuit Clerk-390
Miller County, AR

22 – Indicate which sentences are to run consecutively:
Death Penalty: Execution Date:
23 – Total time to serve on all offenses listed above: 240 months.
24 – Time is to be served at: x Department of Correction ___ Regional Punishment Facility.
25 – Jail time credit: 319 days.

26 – The Defendant was convicted of a target offense under the Community Punishment Act. The court hereby orders that the Defendant be judicially transferred to the Department of Community Punishment (D.C.P.) ___ Yes x No.
27 – Failure to meet the criteria or violation of the rules of the D.C.P. could result in transfer to the A.D.O.C.
Fines $250.00 DNA & $250.00 SOR Court Costs $150.00, $300.00 PDF & $100.00 BF
28 – A judgement of restitution is hereby entered against the Defendant in the amount and terms as shown below:
Amount $ -0- ___ Due immediately x Installments of: Parole officer to determine
29 – Payment to be made to: Miller County Circuit Clerk
30 – If multiple beneficiaries, give names and show payment priority:

31 – Defendant is a Sex or Child Offender as defined in A.C.A. 12-12-903, and is ordered to:
complete the Sex Offender Registration Form: x Yes ___ No.
32 – Defendant is alleged to be a Sexually Violent Predator, and is ordered to undergo an evaluation at a facility designated by the
33 – Department of Correction pursuant to A.C.A. 12-12-918: ___ Yes x No.
34 – Defendant has committed an aggravated sex offense, as defined in A.C.A. 12-12-903. x Yes ___ No.
35 – Defendant was adjudicated guilty of a felony offense, a misdemeanor sexual offense, or a repeat offense (as defined in A.C.A. 12-12-1103), and is ordered to have a DNA sample drawn at:
___ a D.C.P. facility x the A.D.O.C. or ______________ (Other): ___ Yes ___ No.
36 – Defendant was informed of the right to appeal: ___ Yes x No.
37 – Appeal Bond: $ -0-
38 – The County Sheriff is hereby ordered to transport the Defendant to x The Arkansas Department of Correction
___ Regional Punishment Facility.

– The short report of circumstances attached hereto is approved.
39 – Date: 5-31-07 Circuit Judge: Joe Griffin Signature: [signature]
40 – I certify this is a true and correct record of this Court.
Date: 6/1/07 Circuit Clerk/Deputy: [signature]

FILED
2007 JUN -7 P 3:21
MARY PANKEY, CIRCUIT CLERK
BY [signature] DEPUTY



Respondent's Exhibit C (p. 2 of 2)
Exhibit K-1
Ground 4

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRIAN JAMES HICKS** **PLAINTIFF**
**ADC #138964**

**v.** **CASE NO. 4:22-CV-634-KGB-PSH**

**JOE GRIFFIN, ET AL.** **DEFENDANTS**

**ANSWER**

COME NOW Arkansas Division of Correction ("ADC") Defendants Moreion Kelly, Leavy Watson III, and Roosevelt Barden, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Zaisha Heardmon, and for their Answer to Plaintiff's Complaint (DE 2), state:

1. ADC Defendants deny each and every material factual allegation of the Complaint (DE 2), except to the extent specifically admitted herein.

2. ADC Defendants admit that Plaintiff has identified the parties in this matter in Paragraph I of the Complaint. To the extent a response is further required, ADC Defendants are without sufficient information or knowledge to admit or deny and therefore deny the same.

3. ADC Defendants admit the factual allegations of the Complaint, paragraph II, that the lawsuit was brought against ADC Defendants in their official and personal capacity; but deny that ADC Defendants are subject to suit for monetary damages in their official capacity because they are entitled to sovereign immunity, and that they are entitled to qualified and statutory immunity in their personal

capacity. To the extent a response is further required, ADC Defendants are without sufficient information or knowledge to admit or deny, and therefore deny the same.

4. ADC Defendants have insufficient information and personal knowledge concerning the factual allegations of the Complaint, paragraph III concerning Plaintiff's prior lawsuits dealing with the same facts involved in this matter to admit or deny the allegation; therefore deny same.

5. ADC Defendants admit the allegations contained in the Complaint, paragraph IV concerning Plaintiff's confinement at the East Arkansas Regional Unit of ADC in Arkansas. To the extent a response is further required, ADC Defendants are without sufficient information or knowledge to admit or deny, and therefore deny the same.

6. ADC Defendants admit the allegations contained in the Complaint, paragraph V that at the time of the alleged incident, Plaintiff was serving a sentence as a result of a judgment of conviction. To the extent a response is further required, ADC Defendants are without sufficient information or knowledge to admit or deny, and therefore deny the same.

7. ADC Defendants admit part of the allegations contained in the Complaint, paragraph VI, that there is a prisoner grievance procedure in the Arkansas Department of Correction and that the Prison Litigation Reform Act (PLRA) requires complete exhaustion of administrative remedies prior to filing a lawsuit; but deny the remainder. To the extent a response is further required, ADC

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**BRIAN JAMES HICKS, ADC #138964** **PLAINTIFF**

**v.** **CASE NO. 4:22-CV-634-KGB-PSH**

**JOE GRIFFIN, *et al.*** **DEFENDANTS**

**ADC DEFENDANT JEREMEY SYKES' ANSWER**

COME NOW Arkansas Division of Correction ("ADC") Defendant Jeremy Sykes, by and through his attorneys, Attorney General Tim Griffin and Assistant Attorney General Zaisha Heardmon, and for his Answer to Plaintiff's Complaint (DE 2), states:

1. ADC Defendant denies each and every material factual allegation of the Complaint (DE 2), except to the extent specifically admitted herein.

2. ADC Defendant admits that Plaintiff has identified the parties in this matter in Paragraph I of the Complaint. To the extent a response is further required, ADC Defendants are without sufficient information or knowledge to admit or deny and therefore deny the same.

3. ADC Defendant admits the factual allegations of the Complaint, paragraph II, that the lawsuit was brought against Defendant in his official and personal capacity; but denies that Defendant is subject to suit for monetary damages in his official capacity because he is entitled to sovereign immunity, and he is entitled to qualified and statutory immunity in his personal capacity. To the extent a response is further required, ADC Defendant is without sufficient information or knowledge to admit or deny, and therefore denies the same.

4. ADC Defendant has insufficient information and personal knowledge concerning the factual allegations of the Complaint, paragraph III concerning Plaintiff's prior lawsuits

dealing with the same facts involved in this matter to admit or deny the allegation; therefore denies same.

5. ADC Defendant admits the allegations contained in the Complaint, paragraph IV concerning Plaintiff's confinement at East Arkansas Regional Unit of ADC. To the extent a response is further required, ADC Defendant is without sufficient information or knowledge to admit or deny, and therefore denies the same.

6. ADC Defendant admits the allegations contained in the Complaint, paragraph V that at the time of the alleged incident, Plaintiff was serving a sentence as a result of a judgment of conviction. To the extent a response is further required, ADC Defendant is without sufficient information or knowledge to admit or deny, and therefore denies the same.

7. ADC Defendant admits part of the allegations contained in the Complaint, paragraph VI, that there is a prisoner grievance procedure in the Arkansas Department of Correction and that the Prison Litigation Reform Act (PLRA) requires complete exhaustion of administrative remedies prior to filing a lawsuit; but denies the remainder. To the extent a response is further required, ADC Defendant is without sufficient information or knowledge to admit or deny, and therefore denies the same.

8. ADC Defendant is not mentioned in the Complaint, paragraphs 1 through 12, and deny that a response is necessary. To the extent a response is further required, ADC Defendant is without sufficient information or knowledge to admit or deny, and therefore denies the same.

9. ADC Defendant denies allegations that any violent attacks or "attacks of excessive force" occurred, and denies that a response is necessary to the remaining legal arguments and citations provided in paragraph 13 of the Complaint. To the extent a response is

**CSN #:** 4849816 **Warrant # PB:** 26000669

# WARRANT

FOR RETAKING PRISONER (Technical Violation)

TO ANY COMMUNITY SUPERVISION OFFICER OR ANY LAW ENFORCEMENT OFFICER authorized to serve criminal process:

Whereas, Hicks, Brian J., SS# 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, ADC# 138964
was committed to the Arkansas Department of Correction, to serve a term of imprisonment, and said subject was conditionally released by order of the Arkansas Post-Prison Transfer Board;

AND WHEREAS, having reasonable cause to believe the above-named subject, a prisoner of the State of Arkansas, conditionally released, has violated the release agreement as alleged in a report from his/her supervising officer;

NOW THEREFORE, by virtue of the authority vested in the Board, I declare the release of said subject to be suspended and order that the subject be retaken and held in custody at any suitable detention facility pending disposition of the charges; I hereby authorize and require you to so retake subject; and for doing so, this shall be your sufficient warrant.

GIVEN under my hand and seal this 6th day of February, 2026

for Arkansas Post-Prison Transfer Board

| Note: Subject is listed as WANTED as a conditional release violator.<br>If apprehended, notify the FBI, Arkansas State Police or Arkansas Community Correction. |
|---|

I certify that I have this date rendered service of this warrant by delivering a true and exact copy to the above-named subject at

**Officer**

Name — Title — Date

Receiving Official — Date




**Arkansas Post-Prison Transfer Board**

Case: 4:26-cv-00797-DPM Document #: 2-0 Filed: 08/04/2026 Page 33 of 34

**ARKANSAS DEPARTMENT OF CORRECTIONS**

1302 Pike Avenue, Suite C
North Little Rock, AR 72114

SARAH HUCKABEE SANDERS
GOVERNOR

OFFICE OF THE
SECRETARY

**Date**: 05/22/2026

Miller County Sheriff's Office
2300 East Street
Texarkana, Arkansas 71854
Miller County

**Offender Name**: Hicks, Brian 138964

Re: Arkansas Parole Board has approved release of the above-named individual to the detainer that you have filed at the institution.

Arrangements for the inmate's release should be made with Institutional Release Officer, Emily Vinyard, of the Department of Community Correction, Omega, 104 Walco Lane, Malvern, AR 72104, (501) 467-3030.

If the pending charges are dropped or if the subject is released for any reason including release on bail, please notify your local parole authority or notify the Arkansas Department of Community Correction at the following address or phone:

Arkansas Department of Community Correction,

Institutional Release Services,

P. O. Box 8707

Pine Bluff, AR 71611

870-543-1035

Your action will allow us to advise the individual of his parole responsibility to this state.

Sincerely,

*Shirley Ellingburg*

Shirley Ellingburg

Parole/Probation Manager, Institutional Release Services

cc: State File

Parole File

Area Parole/Probation Manager

Quality
Living Center
3925 Asher Ave.
Little Rock, Arkansas
72204
501-663-3490
Justin Preachers

VIII. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

set aside void judgment of conviction and orders against him, remand to the lower courts with directions to dismiss the case and discharge the defendant for want of jurisdiction, Award $2,500,000 in damages but not limited to his right to be free from unlawful arrest & detention, bear Arms

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 16 day of August, 2026.

[signature]
Signature(s) of plaintiff(s)

Brain J. Hicks
Miller Cnty ~~Dentention~~ Detention Center
2300 East 57
Texarkana, AR 71854

US POSTAGE
$ 002.56⁰

United States District Court
600 W. Capitol Ave. Suite A-149
Little Rock, AR 72201

72201$3399 C041